IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
AT KANSAS CITY

| | |
|---|---|
| JF ENTERPRISES, LLC, | ) |
|                 Plaintiff, | ) |
| v. | ) Case No.: 4:11-CV-00238-ODS |
| FIFTH THIRD BANK, | ) |
|                 Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT FIFTH THIRD BANK'S MOTION TO STRIKE PLAINTIFF JF ENTERPRISES, LLC'S JURY TRIAL DEMAND**

Defendant, Fifth Third Bank ("Fifth Third"), by and through its counsel, and pursuant to L.R. 7.0(c), provides the following Memorandum of Law to support its Motion to Strike Plaintiff' JF Enterprises, LLC's ("JF Enterprises") Jury Trial Demand (hereafter, "Motion to Strike").

### BACKGROUND

Prior to the initiation of this suit, Fifth Third had provided JF Enterprises with inventory financing for the purchase of new and used vehicles at its automobile dealerships. *See* Motion to Strike, at ¶2. On April 20, 2009, JF Enterprises and Fifth Third entered into a Settlement Agreement, which was intended to resolve certain disputes that had arisen between the parties in the course of their business dealings. *See* Motion to Strike, at ¶4. JF Enterprises has now brought this suit against Fifth Third and seeks to resolve its alleged claims against Fifth Third by way of jury trial.

JF Enterprises and Fifth Third are both sophisticated parties; and each was represented by counsel in the course of negotiating the Settlement Agreement. The result was a carefully crafted agreement, which provides that dispute resolution must take place without trial by jury.

Thus, JF Enterprises' request for a jury trial must be stricken because it is in direct conflict with the terms of the Settlement Agreement.

## ARGUMENT

JF Enterprises includes a demand for a trial by jury at the conclusion of its Complaint. *See* Complaint, at page 12. In the event the Court declines to dismiss this case due to improper venue[1], JF Enterprises' request for a jury trial must be stricken, because it too, is in direct conflict with the express terms of the Settlement Agreement.

"To effectively waive a jury trial by contract, clear, unambiguous, unmistakable, and conspicuous language is required." *Malan Realty Investors, Inc. v. Harris*, 953 S.W.2d 624, 627 (Mo. 1997). The language used by the parties in Paragraph 24 of the Settlement Agreement could not be more definite in expressing the desire to waive the right to a jury trial with regard to disputes arising out of the Settlement Agreement. The provision states as follows:

> <u>Waiver of Right to Trial by Jury</u>. LENDER AND EACH OF THE BORROWERS, AFTER CONSULTING OR HAVING HAD OPPORTUNITY TO CONSULT WITH COUNSEL, KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVES ANY RIGHT IT AND/OR HE MAY HAVE TO A TRIAL BY JURY IN ANY LITIGATION BASED ON OR ARISING OUT OF THIS AGREEMENT OR THE LOAN DOCUMENTS, ANY OF THE TRANSACTIONS CONTEMPLATED BY THIS AGREEMENT OR THE LOAN DOCUMENTS, OR ANY COURSE OF CONDUCT, DEALING, STATEMETNS OR ACTIONS BETWEEN ANY OR ALL OF THEM AND LENDER (COLLECTVELY, "**CLAIMS**"). EACH OF THE BORROWERS AGREES THAT IT OR HE SHALL NOT SEEK TO CONSOLIDATE, BY COUNTERCLAIM OR, OTHERWISE, ANY ACTION IN WHICH A JURY TRIAL HAS BEEN WAIVED WITH ANY OTHER ACTION IN WHICH A JURY TRIAL CANNOT BE OR HAS NOT BEEN WAIVED.

*See* Settlement Agreement, at ¶24 (emphasis in original). The claims made by JF Enterprises against Fifth Third arise out of, and are directly related to the performance of the

---

[1] Pending before the Court is Fifth Third's Motion to Dismiss based on improper venue, which was filed contemporaneously with the filing of its Motion to Strike and this supporting Memorandum.

Settlement Agreement. *See* Motion to Strike, at ¶6. JF Enterprises has not sought to rescind the Settlement Agreement or made any allegation that its terms are invalid. As such, the express terms of the Settlement Agreement govern, and unambiguously indicate that the parties agreed to waive any right to a trial by jury. Thus, Fifth Third requests that in the event the Court declines to dismiss this case, that the Court strike JF Enterprises' request for a jury trial.

## CONCLUSION

The parties agreed that any lawsuit involving a dispute related to the Settlement Agreement would be resolved without the use of a jury. JF Enterprises' demand for trial by jury is in direct conflict with the express terms of the Settlement Agreement to which it agreed, and Fifth Third respectfully requests that it be stricken.

        Respectfully submitted,

        POLSINELLI SHUGHART PC

        /s/ G. Edgar James
By: _____
        G. Edgar James, MO #49585
        Jeffrey D. Kleysteuber MO #62182
        Twelve Wyandotte Plaza
        120 W. 12th Street
        Kansas City, MO 64105
        (816) 421-3355
        Fax No. (816) 374-0509
        ejames@polsinelli.com
        jkleysteuber@polsinelli.com

        ATTORNEYS FOR DEFENDANT

1932619.2

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of April, 2011, the foregoing document was electronically filed with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

JOHN MULLEN
NICK HILLYARD
8900 Ward Parkway
Kansas City, MO 64114
(816) 421-7100 (Telephone)
(816) 421-7915 (Facsimile)
jmullen@fsmlawfirm.com

ATTORNEYS FOR PLAINTIFF

/s/ G. Edgar James
_____
ATTORNEYS FOR DEFENDANT

1932619.2